# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE No. 1:11cv36
## [Criminal Case No. 1:04cr10-3]

| | |
|---|---|
| ANTONIO MENDOZA PORTILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's post-judgment Motions to Supplement his Motion to Vacate [Doc. 5], for Default Judgment [Doc. 6], and his post-judgment "Motion to Inquiry" [Doc. 7].

On February 16, 2011, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence challenging his convictions for bank robbery, armed bank robbery and brandishing a firearm during such bank robbery. [Criminal Case No. 1:04cr10, Doc. 41]. Petitioner's Motion to Vacate alleged that he was coerced into committing his crimes by his cousin, a co-conspirator, and that he did not possess a firearm during the robbery. [Doc.

1]. On June 10, 2011, the Court entered an Order dismissing Petitioner's claims as procedurally defaulted and without merit. [Doc. 2].

On July 13, 2011, Petitioner began filing the instant post-judgment Motions. By his Motion to Supplement, Petitioner actually is seeking to amend his former Motion to Vacate to include claims that trial counsel rendered ineffective assistance by his failure to honor Petitioner's request for an appeal and by his failure to file an appellate brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

"[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). However, there "is one difference between a pre- and post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to [Fed.R.Civ.P.] 59(e) or Fed.R.Civ.P. 60(b)." Id.

In the instant case Petitioner has not sought to have the Court vacate its Judgment dismissing his Motion to Vacate, nor is any such basis for dismissal apparent on the face of this record. Thus, Petitioner's post-judgment motion to amend his Motion to Vacate [Doc. 5] must be denied.

Petitioner also has filed a Motion for Default [Doc. 6] asserting that Respondent has failed to address his proposed amended claims. As the Court has never directed Respondent to answer any of Petitioner's claims, Respondent simply is not in default of its obligations with regard to Petitioner's pleadings. Therefore, Petitioner's Motion for Default [Doc. 6] must be denied.

Finally, Petitioner has filed a Motion to Inquiry [Doc. 7] by which he seeks information on the status of his motion to amend. Because this Order addresses Petitioner's motion to amend, Petitioner's Motion to Inquiry will be dismissed as moot.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions to Supplement his Motion to Vacate [Doc. 5] is **DENIED**; Petitioner's Motion for Default [Doc. 6] is **DENIED**; and Petitioner' Motion to Inquiry [Doc. 7] is **DISMISSED** as moot.

**IT IS SO ORDERED.**

Signed: November 28, 2011

Martin Reidinger
United States District Judge